## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

In re RAUL F. and CHRISTINE M. GARCIA, )
)
) Case No. 12-5915
)

Debtors.

### DITECH FINANCIAL LLC'S AMENDED RESPONSE AND LIMITED OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL (Docket No. 77)

COMES NOW Ditech Financial LLC ("Ditech") and files its amended limited response and opposition to the *Motion To (I) Approve Short Sale Of Real Property Free And Clear Of Liens, Claims, Encumbrances And Interests Pursuant To 11 U.S.C. § 363(b), (f), And (m); (II) Bid Procedures; (III) Surcharge Agreement Between Lender And The Estate; (IV) Secured Lender's Right To Credit Bid; And (V) Other Relief* [Docket No. 77] (the "Motion") filed by Traci K. Stevenson in her capacity as Chapter 7 Trustee of the above-referenced bankruptcy estate (the "Trustee") and in support thereof, states:

1. The Motion, among other things, seeks this Court's approval to sell certain real property belonging to the Chapter 7 Estate of Raul F. and Christine M. Garcia (the "Debtors") located in Hillsborough County, Florida, more commonly known as 20058 Nob Oak Avenue, Tampa, Florida 36647 (the "Property").

2. Upon information and belief, there are two liens on the Property.

3. The first-priority lien secures a loan originally made by Sunbelt Lending Servicing to the Debtors on or about September 30, 2004 in the original principal amount of $251,950 (the "1st-Lien Loan"). Bank of America, N.A. filed a proof of claim for the 1st-Lien Loan on May 25, 2012 [Claim 12-1]. The 1st-Lien Loan was subsequently service-transferred to Ditech, and Ditech is the current servicer.

4. The second-priority lien secures a loan originally made by Countrywide Bank to the Debtors on or about November 15, 2005 in the original principal amount of $81,600 (the "2nd-Lien Loan"). Bank of America, N.A. filed a proof of claim for the 2nd-Lien Loan on May 4, 2012 [Claim 4-1]. Ditech is the current servicer of the 2nd-Lien Loan.

5. With respect to the 1st-Lien Loan, the Motion states that the "Secured Creditor" – which presumably is the creditor for the 1st-Lien Loan – has approved the sale. Upon information and belief, the Trustee communicated with Ditech with respect to the payoff on the First-Lien Loan, and Ditech sent the Trustee and the Trustee's agent a letter dated September 14, 2017 stating that the payoff on the 1st-Lien Loan was $215,532.39 through August 30, 2017, with interest to accrue thereafter at the per diem rate of $26.79.

6. So long as Ditech receives a payoff in full on the 1st-Lien Loan, it does not oppose the Trustee's proposed sale of the Property.

7. To the extent Ditech will not receive a full payoff on the 1st-Lien Loan, it opposes the sale based on the lack of consent that is required by 11 U.S.C. § 363(f)(2), and submits that the Trustee cannot satisfy any of the other subsections of section 363(f). Ditech would respectfully request an opportunity to file a fuller and more detailed response should the Court deem it necessary.

8. With respect to the 2nd-Lien Loan, the Motion attaches a draft HUD-1 that appears to project a $10,000 payoff on the 2nd-Lien Loan. Upon information and belief, the Trustee subsequently communicated with Ditech with respect to a short-sale and payoff on the 2nd-Lien Loan, and Ditech sent the Trustee a letter dated September 14, 2017 stating that (a) $76,172.82 was the current payoff on the 2nd-Lien Loan but (b) Ditech would accept payment of $16,665 as

settlement in full on the 2nd-Lien Loan if, among other things, the sale closed on or before October 30, 2017.

9. Upon information and belief, Ditech has not been presented with a more updated draft HUD-1 statement, and it remains unclear if the Trustee is proposing that Ditech be forced to accept less than the $16,665 amount on the 2nd-Lien Loan stated in the September 14, 2017 letter.

10. So long as Ditech receives the $16,665 amount stated in its September 14, 2017 letter on or before October 30, 2017, it does not oppose the Trustee's proposed sale of the Property.

11. To the extent Ditech will not receive the $16,665 amount, it opposes the sale based on the lack of consent that is required by 11 U.S.C. § 363(f)(2), and submits that the Trustee cannot satisfy any of the other subsections of section 363(f). Ditech would respectfully request an opportunity to file a fuller and more detailed response should the Court deem it necessary.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Tabitha S. Etlinger
TABITHA S. ETLINGER (FBN 75052)
tetlinger@bradley.com
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Phone: 813-229-3333
Fax: 813-229-5946
*Attorney for Ditech Financial, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on October 16, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel on record.

                   /s/ Tabitha S. Etlinger
                     Of Counsel